JOURNAL ENTRY and OPINION
Defendant-appellant Thomas R. Lanzo appeals a common pleas court judgment finding him personally liable to plaintiff-appellee Pittsburgh Crankshaft Service, Inc. ("PCS"), on accounts totalling $61,243.50. Lanzo argues:
 THE TRIAL COURT ERRED IN GRANTING JUDGMENT AGAINST THOMAS R. LANZO PERSONALLY, AS THE PROPER PARTY DEFENDANT WAS A CORPORATION, THOMAS R. LANZO, INC.
There was no evidence in the record to support the common pleas court's judgment. Therefore, we reverse.
 PROCEEDINGS BELOW
PCS filed its complaint with the common pleas court on March 3, 1998, asserting simply that defendant Thomas R. Lanzo, dba Merit Auto Parts, aka Merit Auto Parts, Inc., owed PCS a total of $61,635.11 on four accounts, copies of which were attached. A corporation, Thomas R. Lanzo, Inc., filed an answer on May 11, 1998, admitting it owed PCS on several accounts for merchandise received but denying the amount alleged by PCS. Neither Thomas R. Lanzo, Merit Auto Parts, nor Merit Auto Parts, Inc. answered the complaint. PCS filed an application for default judgment on May 18, 1998, but later withdrew this application.
On November 9, 1998, PCS moved for summary judgment based on Lanzo's failure to respond to PCS's requests for admissions. An unidentified "defendant" responded to this motion, including responses to the admissions requests. There is no entry in the record granting or denying summary judgment.
On January 4, 1999, the court entered the following order:
 Trial reset to 2/1/99 @ 9 AM. Parties may submit briefs in lieu of trial or court will hear testimony on disputed facts.
Each party submitted a trial brief. Attached to PCS's brief was a copy of its statements of account, an affidavit from its president stating that the amount of its claim was $61,243.50, a copy of R.C. 1701.88, and a computer printout of uncertain origin, which reads as follows:
*** C O R P O R A T I O N ***
 RN51778 RN DEAD 2-5-1979 RNO E551 1267 DEAD FILE MERIT AUTO PARTS CLEVELAND CUYAHOGA THOMAS R. LANZO, INC. 4725 PEARL ROAD, CLEVELAND, 44109
 9-29-1981 RNA E972 0851 TRADE NAME — ASSIGNMENT 11-20-1985 XOL CANCELLED BY OPERATION OF LAW
"Defendant's brief," filed on behalf of Thomas R. Lanzo, Inc., included an affidavit of counsel, which stated:
 1. Affiant is the attorney for the defendant, Thomas R. Lanzo, Inc.;
 2. On February 5, 1979, Merit Auto Parts became a trade name registered to Thomas R. Lanzo an individual;
 3. On August 4, 1981, Thomas R. Lanzo, Inc., became an Ohio corporation;
 4. On September 29, 1981, an assignment of the trade name, Merit Auto Parts, was made from Thomas R. Lanzo, an individual, to the corporate entity, Thomas R. Lanzo, Inc.;
 5. On November 20, 1985, the corporation, Thomas R. Lanzo, Inc. did not renew the trade name, Merit Auto Parts, and that trade name was cancelled;
 6. At all times since its incorporation in 1981, Thomas R. Lanzo, Inc., has been an Ohio corporation in good standing;
 7. The undersigned counsel is unable to attach documents supporting this information from the Ohio Secretary of State's office as counsel has been advised that it will take approximately four weeks in which to obtain the requested information;
 FURTHER AFFIANT SAYETH NAUGHT.
Purported franchise tax returns for Thomas R. Lanzo, Inc., for 1988-94 and 1997-98 were also attached to defendant's trial brief.
On February 19, 1999, the court entered the following "Ruling on the Briefs of the Parties":
 The account in question involves the sale of merchandise by Plaintiff to Merit Auto Parts. Defendant argues that he is shielded by his corporation Thomas R. Lanzo, Inc. This action was not brought against Thomas R. Lanzo, Inc., and for the reasons that follow this court finds for the Plaintiff and against defendant Thomas R. Lanzo, d.b.a. Merit Auto Parts, a.k.a. Merit Auto Parts, Inc.
 The assignment of the trade name Merit Auto Parts to Thomas R. Lanzo, Inc., was canceled by operation of law on November 20, 1995 [sic]. Plaintiff does not allege that Defendant has failed to pay for merchandise purchased prior to October 10, 1996.
 Defendant does not dispute that he is the owner of Merit Auto Parts. A search of Ohio corporate records indicates that Thomas Lanzo is in fact the owner. Thomas Lanzo filed for the Ohio fictitious business name Merit Auto Parts on July 12, 1993. Therefore, Thomas R. Lanzo is personally liable for the debts of Merit Auto Parts.
 Defendant argues in the alternative "that there is at least $14,407.29 in credits and offsets that have not been taken into consideration by the Plaintiff in determining the amount owed." However, Defendant did not present this court with any evidence to substantiate this claim.
 Based on the above analysis, this court finds in favor of Plaintiff and against defendant Thomas R. Lanzo, d.b.a. Merit Auto Parts, a.k.a., Merit Auto Parts, Inc. in the amount of $61,243.50
Defendant timely appealed this ruling.
 LAW AND ANALYSIS
Innovative case management techniques may promote the efficient and timely disposition of cases before our busy common pleas court. However, such techniques should not override the operation of the evidence rules, a time-honored method for ensuring that the judgment is supported by reliable evidence. When an alternative dispute resolution mechanism is used to resolve a case before a court, at a minimum, the record must include clear evidence that the parties agreed to resolve their dispute through the alternative method, and either written stipulations of fact or an agreed method of submitting disputed factual issues to a factfinder.
In this case, the record does not clearly demonstrate that the parties agreed to the court's resolution of the case without trial. More important, there is no evidence in the record on which the court could have made the factual determinations it made. First, the accounts attached to plaintiff's brief were not authenticated. There is no indication of who they are from or what they represent, even on the face of the accounts. There is no evidence on these matters, by affidavit or otherwise. See Evid.R. 901.
The accounts are variously addressed to "Merit Auto Parts TRW," "Merit Auto Parts," "Merit Auto Machine TRW," and "Merit Auto Machine." Thomas R. Lanzo's name does not appear on any of them. There is no evidence that Thomas R. Lanzo does business as Merit Auto Parts. The court's finding that "Thomas Lanzo filed for the Ohio fictitious business name Merit Auto Parts on July 12, 1993" is not supported in the record. For this reason, the record does not support the finding that Lanzo is personally liable for a debt apparently due from Merit Auto Parts.
Though some of the alleged accounts were addressed to Merit Auto Machine, there is no evidence in the record that Merit Auto Machine is a fictitious name of Thomas R. Lanzo or that Lanzo is personally liable for its debts. The court made no findings on this matter.
In short, there is no evidentiary basis for the trial court's decision. Accordingly, we reverse and remand for trial.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE. A.J. and ANNE L. KILBANE, J. CONCUR
 _________________________ KENNETH A. ROCCO, JUDGE